IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br> ARTURO AMEZCUA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPRESS** <br><br> Case No. 2:11-cr-811-DN <br><br> District Judge David Nuffer |

Defendant Arturo Amezcua filed a Motion to Suppress[1] alleging that the affidavit for the search warrant executed on his home lacked probable cause because (1) it failed to establish that UM22 or "Torres" was actually Amezcua; (2) it only provided a statement that the property subject to the search warrant was Amezcua's residence without a drug nexus; and (3) it relied solely on a phone conversation referring to Amezcua's residence location, when the conversation provides only a general description of the property.

The United States responds that, under *Franks v. Delaware*,[2] Amezcua is not entitled to an evidentiary hearing when attacking the validity of the affidavit in support of a search warrant.[3]

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or

---

[1] Motion to Suppress Due to Insufficient Probable Cause in Affidavit for Search Warrant (Motion), docket no. 471, filed November 26, 2012.

[2] 438 U.S. 154 (1978).

[3] Government's Response to Defendant's Motion to Suppress (Response) at 2, docket no. 474, filed November 29, 2012.

otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.[4]

The United States correctly asserts that due to the conclusory allegations in this motion and the legal principle from the *Franks* case, known as the "four corners doctrine," this court's review of the validity of the search warrant is limited to a review of the materials submitted to the issuing magistrate judge.[5] Amezcua has not made the necessary showing that false evidence was presented to the magistrate judge, either intentionally or recklessly, to permit the court to consider any facts not submitted to the magistrate judge when signing the warrant. Consequently, under *Franks*, an evidentiary hearing is not permitted.

The court has reviewed the complete affidavit[6] as submitted to the magistrate judge. Amezcua's three arguments fail because he ignores other facts stated in the affidavit supporting probable cause. Although the affiant may not have articulated how the speaker in the recorded conversation, identified as Torres, was later identified as Amezcua, this does not defeat the probable cause in the affidavit. Clearly, the agents had identified that the speaker in the recorded conversation lived at the residence address. Further, after the agents intercepted the conversation between Armenta and the man they identified as Torres,[7] they set up surveillance of the residence identified in the call and observed Arementa arriving at the address and walking onto the property.[8] The affiant further states that when Armenta left the residence address, he called his runner, Godinez,

---

[4] *Franks*, 438 U.S. at 171.

[5] Response at 3.

[6] Affidavit, attached to Response, docket no. 474-1.

[7] Translated Recorded Call #2025, attached as Exhibit B to Motion.

[8] Affidavit ¶ 6.

and told him to meet Armenta at Godinez's house, indicating that Armenta had picked up drugs at the identified address.[9] Accordingly, the affidavit contains facts which establish a nexus between the drugs and the home address. This nexus was established by surveillance of the address – something much more substantial that than the "one intercepted phone call"[10] as alleged by Amezcua.

Accordingly, there was no false evidence provided to the magistrate judge, either intentionally or recklessly, and under *Franks*, an evidentiary hearing unnecessary. The information provided in the affidavit sufficiently established probable cause that drugs were stored at the named address to support the issuing of the search warrant. The Motion to Suppress Due to Insufficient Probable Cause in Affidavit for Search Warrant[11] is DENIED.

Signed February 1, 2013.

BY THE COURT

District Judge David Nuffer

---

[9] *Id.*

[10] Motion at 5.

[11] Docket no. 471.